WENDY J. OLSON, IDAHO STATE BAR NO. 7634
UNITED STATES ATTORNEY
TRACI J. WHELAN, IDAHO STATE BAR NO. 4416
ASSISTANT UNITED STATES ATTORNEY
DISTRICT OF IDAHO
6450 N. MINERAL DRIVE SUITE 210
COEUR D'ALENE, ID 83815
TELEPHONE: (208) 667-6568
FACSIMILE:  (208) 667-0814

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| UNITED STATES OF AMERICA, | Case No. 15-CR-00281-C-EJL |
|---|---|
| Plaintiff, | |
| vs. | **UNITED STATES' RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM** |
| PAUL JENS SUGGS, | |
| Defendant. | |

The United States of America, by and through Wendy J. Olson, United States Attorney, and the undersigned Assistant United States Attorney for the District of Idaho, submits this response to defendant's sentencing memorandum [ECF 19].

The United States respectfully disagrees with defendant's assertion that credit for time served would adequately address all of the 18 U.S.C. § 3553(a) factors.  The United States believes the guideline range of 15 to 21 months does appropriately take into consideration all of the 18 U.S.C. § 3553(a) sentencing factors.  A sentence within that guideline range will be a fair and just sentence.

## LEGAL ANALYSIS

The Ninth Circuit has set forth a basic framework which the district courts should follow in compliance with the Supreme Court's ruling in *United States v. Booker*, 543 U.S. 220 (2005):

(1) Courts are to begin all sentencing proceedings by correctly determining the applicable sentencing guidelines range, precisely as they would have before *Booker*.

(2) Courts should then consider the § 3553(a) factors to decide if they support the sentence suggested by the parties.  Courts may not presume that the guidelines range is reasonable.  Nor should the guidelines factors be given more or less weight than any other.  They are simply to be treated as one factor among the § 3553(a) factors that are to be taken into account in arriving at an appropriate sentence.

(3) If a court decides that a sentence outside the guidelines is warranted, then it must consider the extent of the deviation and ensure that the justification is sufficiently compelling to support the degree of the variance.

(4) Courts must explain the selected sentence sufficiently to permit meaningful appellate review.

*United States v. Carty*, 520 F.3d 984, 991-92 (9th Cir. 2008).

### Application of Legal Analysis to the Case at Hand

Neither party has objected to the guideline calculations.  Mr. Urbaniak, U.S. Probation Officer, accurately calculated the total offense level of 14 and the defendant's criminal history category as 1.  The correct guideline range is 15 to 21 months imprisonment.

## IMPOSITION OF SENTENCE

I. **Imposition of a Sentence under 18 U.S.C. § 3553**

    A. <u>18 U.S.C. § 3553(a) factors</u>

        1. <u>The nature and circumstances of the offense</u>

This is a serious and disturbing offense.  Police officers and prosecutors recognize they will come into contact with difficult individuals.  The risks associated with the job should not extend to the families of these public servants.  This defendant repeatedly posted threats towards

the family members of law enforcement as well as law enforcement officers and prosecutors. PSR 13.  The use of social media to threaten law enforcement is especially troubling.  The number of people who can be influenced by one individual has increased tremendously with the advent and use of social media.

The victim impact statements are a testament to the serious nature of the offense.  The City of Pullman Chief of Police sent in a victim impact statement on behalf of the Pullman Police, the City of Pullman and the Pullman Community.  Because of Mr. Suggs' threats of an impending explosion, significant police time was diverted from community protection to address the potential threat to the police staff.  This diversion was detrimental to the community at large.  Because the officers were unsure if they had missed an explosion, there was unnecessary fear for the safety of the police officers and their families.  Mr. Suggs not only disrupted the life of individuals, but of the whole community in spreading fear for their safety.  David Duke, the Chief of Police for the City of Moscow, echoed these statements in another victim impact statement.  The threats caused a significant impact to both Moscow and Pullman communities.

Likewise, Latah County Prosecutor William Thompson, described the direct impact this offense had upon his office.  Mr. Thompson stated, "In the two decades I have been in this office, we have never experienced anything even close to this situation."  The threats caused a palpable disturbance in the Latah County Prosecutor's Office.  That office along with the City of Pullman Police Department and the City of Moscow Police Department, have requested that the defendant be held accountable to the fullest extent of the law.

2. <u>The history and characteristics of the defendant</u>

The defendant is a nineteen year old young man who, like many in our society, has divorced parents.  His father is reported to be an alcoholic.  Unfortunately, this factor is not

unique to the defendant.  The defendant has had the benefit of a supportive mother and older sister.  With this support system, the defendant received his GED while in detention.  The defendant has no criminal history.

The defendant began using drugs and alcohol at a very young age.  He started using marijuana at age 14, and he began drinking alcohol at age 15.  Since then, he has gone to multiple rehabilitation programs in an effort to become sober, with some periods of sobriety since he began to use drugs and alcohol.  However, these programs have not been successful.

As a teenager, the defendant was hospitalized for mental health issues.  In one case, his diagnosis was schizophreniform disorder occurring in the context of marijuana withdrawal and marijuana dependence.  PSR 54.  As such, drugs and alcohol have been a major influence on the defendant and his actions.  The guidelines take into consideration the defendant's divorced parents, his alcoholic father, his lack of criminal history, and the defendant's substance abuse.  These do not excuse his behavior, but the sentence recommended helps ensure corrective behavior.

> 3. The need for the sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment

A 15 to 21 month sentence will reflect the seriousness of the offense, promote respect for the law, and provide just punishment.  The defendant's actions were inexcusable.  There is a growing epidemic towards confrontation with law enforcement officers.  In 2015, 123 police officers were killed in the line of duty. (Deaths, Assaults, Injuries, National Law Enforcement Officers Memorial Fund, (March 24, 2016), http://www.nleomf.org/facts/officer-fatalities-data/daifacts.html).  Not only are law enforcement officers dying, but thousands more have been

assaulted, with the latest statistics showing 49,851 law enforcement officers were assaulted in 2013 alone. *Id.* We cannot allow individuals to continue threatening those who protect our community. These acts are "an attack on the rule of law, and defiance of the justice system itself." (Bierie, David M., <u>Assault of Police</u>, Crime & Delinquency, 1, 2 (2015).

While the attacks on law enforcement must be taken seriously, punishment must be balanced with rehabilitation. The defendant is a nineteen year old young man who made a very bad choice. Incarceration is appropriate and a sentence of 15-21 months balances the need for deterrence and punishment with the need for rehabilitation.

4. <u>The need for the sentence imposed to afford adequate deterrence and to protect the public</u>

The defendant has shown that he is a danger to the public through his actions. A prison sentence of 15-21 months adequately establishes that society will not tolerate this type of action. We must protect our public servants through the courts just as they seek to protect us. The sentence range is not unnecessarily long and will achieve both general and specific deterrence.

5. <u>The need for the sentence imposed to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner</u>

The defendant has a serious drug and alcohol problem. As outlined in the PSR, he has previously participated in both inpatient and outpatient treatment. The United States believes the defendant can still benefit from drug and alcohol treatment. This prison term will allow him to solidify his sobriety which will provide a better foundation when he is released. The United States requests that the conditions of supervised release prohibit him from any consumption of

alcohol or nonprescribed controlled substances.  Further, the United States recommends he participate in any alcohol or drug treatment program his probation officer recommends.

### B. Application of the Guidelines in Imposing a Sentence under 18 U.S.C. § 3553(b)

The Government's within-guidelines recommendation is based in part on the fact that such a sentence properly reflects the accumulated wisdom and expertise of the Sentencing Commission, and serves the vital goal of uniformity and fairness in sentencing.  The guidelines, formerly mandatory, now serve as one factor among several that courts must consider in determining an appropriate sentence.  *Kimbrough v. United States*, 552 U.S. 85, 90 (2007).  It remains, however, that "the Commission fills an important institutional role:  It has the capacity courts lack to base its determinations on empirical data and national experience, guided by a professional staff with appropriate expertise."  *Id.* at 108-09 (internal quotation marks omitted).  Thus, "the Commission's recommendation of a sentencing range will 'reflect a rough approximation of sentences that might achieve § 3553(a)'s objectives.'"  *Id.* (quoting *Rita v. United States*, 551 U.S. 338, 350 (2007)).

The guidelines are the sole means available for assuring some measure of uniformity in sentencing, thereby fulfilling a key congressional goal in adopting the Sentencing Reform Act of 1984.  Reference to the guidelines, while carefully considering the 3553(a) factors, is the only available means of preventing the disfavored result of basing sentences on the luck of the draw in judicial assignments.  Therefore, "district courts must begin their analysis with the Guidelines and remain cognizant of them throughout the sentencing process."  *Gall*, 552 U.S. at 50 n.6.

The guidelines deserve significant respect.  The Government recognizes that the guidelines are entirely advisory, and that a district court has discretion to vary from an advisory

range, subject only to deferential appellate review for reasonableness. A district court, however, must consider the guidelines range, *see* § 3553(a)(4), and is usually well-advised to follow the Sentencing Commission's advice in order to assure fair, proportionate, and uniform sentencing of criminal offenders. Moreover, there are no other 3553(a) factors in this case which mitigate against imposition of a sentence within that range; to the contrary, the 3553(a) factors on balance support the imposition of the recommended guidelines sentence. Accordingly, the Government recommends a within-guidelines sentence of 15-21 months.

## CONCLUSION

Application of 18 U.S.C. § 875(c) supports a sentence of 15-21 months for the defendant's crime of interstate communication of threats. The Government submits that a sentence of 15-21 months is sufficient, but not greater than necessary, to accomplish the goals of sentencing, and that a lesser sentence is not supported by application of the 18 U.S.C. § 3553(a) factors.

Respectfully submitted this 20th day of April, 2016.

>
> WENDY J. OLSON
> UNITED STATES ATTORNEY
> By:
>
> *s/ TRACI J. WHELAN*
>   TRACI J. WHELAN
>   Assistant United States Attorney

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 20, 2016, the foregoing **UNITED STATES' RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM** was electronically filed with the Clerk of the Court using the CM/ECF system, and that a copy was served on the following parties or counsel by:

| | |
|---|---|
| MARK T. MONSON<br>PO BOX 8456<br>Moscow, Idaho 83843<br>mark@mosmanlaw.com | ☐ United States Mail, postage prepaid<br>☐ fax<br>☒ ECF filing<br>☐ email |

        *s/PEGGY JOHNSON*
        PEGGY JOHNSON
        Legal Assistant